**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION 07-236-KD-M** |
| | ) | |
| **JEREMY KNIGHT,** | ) | |
|    Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Jeremy Knight's timely response to the Court's preliminary determination that Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 750 because his sentence was based on the career offender guideline rather than on a sentencing range that has been subsequently lowered by the Sentencing Commission. (Doc. 189).

In its January 4, 2012 order directing Defendant to show cause as to why his motion for a sentence reduction should not be denied, the Court observed that the notes to Section 1B1.10 of the Sentencing Guidelines state that courts may not reduce a defendant's sentence where, because of the operation of another guideline (e.g., U.S.S.G. § 4B1.1, the career offender guideline), application of a retroactive amendment to the Guidelines does not have the effect of lowering the defendant's guideline range. See Doc. 188 at 2 (quoting U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1 (2011)). Defendant has responded that § 3582(c)(2) relief should remain available to a career offender if, 1) at the initial sentencing, the court downwardly departed from a career offender guideline sentencing range to a range affected by the retroactive amendment or 2) at the initial sentencing, the court, pursuant to U.S.S.G. § 4A1.3, downwardly departed from the career offender guideline because the defendant's criminal history category substantially

1

overrepresented the seriousness of defendant's criminal history or the likelihood of recidivism. (Doc. 189 at 2-4).

The circumstances in Defendant's case differ significantly from the scenarios presented in Defendant's response. In this case, the Court neither departed from the career offender guideline to a guideline range affected by Amendment 750 nor granted a § 4A1.3 departure based on overrepresentation of criminal history. Rather, Defendant's departure was based on his provision of substantial assistance to authorities. (Doc. 145; Doc. 187 at 25-29). The Eleventh Circuit has held that substantial assistance departures do not affect a career offender's ineligibility for a sentence reduction. See United States v. Moore, 541 F.3d 1323 (11th Cir. 2008).

Accordingly, Defendant's motion for a sentence reduction (Doc. 186) is due to be **DENIED** by separate order.

The Clerk is **DIRECTED** to send a copy of this Memorandum to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **25th** day of **January 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**